1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   MARK A. OERTEL, SB# 120141
2     E-Mail: Mark.Oertel@lewisbrisbois.com
   ANGELA A. ZANIN, SB# 229149
3     E-Mail: Angela.Zanin@lewisbrisbois.com
   GINA G. GOLDBERG, SB# 334681
4     E-Mail: Gina.Goldberg@lewisbrisbois.com
   633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Plaintiff NATIONWIDE MUTUAL INSURANCE COMPANY

8

9              UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11

| | |
|---|---|
| 12  NATIONWIDE MUTUAL INSURANCE COMPANY, | Case No. 5:23-cv-00721 |
| 13  Plaintiff, | **COMPLAINT FOR:** |
| 14  vs. | **1. BREACH OF CONTRACT**<br>**2. EQUITABLE INDEMNITY** |
| 15  PIPE CONSTRUCTORS, INC.; WILLIAM HARRIS; and MELISSA HARRIS, | **3. STATUTORY INDEMNITY**<br>**4. SPECIFIC PERFORMANCE** |
| 16  Defendants. | Trial Date:   None Set |

19

20       Plaintiff NATIONWIDE MUTUAL INSURANCE COMPANY

21  ("Nationwide") alleges:

22                    **PARTIES**

23       1.   Nationwide was, at all times mentioned, and now is, an Ohio

24  corporation duly licensed and authorized to do and is doing business in the State of

25  California as a surety company.

26       2.   Nationwide is informed and believes, and thereon alleges that

27  Defendant Pipe Constructors, Inc. ("PCI") is a California dissolved corporation with

28  ///

90629997.1

COMPLAINT

Case 5:23-cv-00721-KK-SP   Document 1   Filed 04/24/23   Page 2 of 11   Page ID #:2

its principal place of business at 43020 Black Deer Loop #204, Temecula, California 92590.

3. Nationwide is informed and believes, and thereon alleges that Defendant William Harris is an individual residing in the State of Arkansas.

4. Nationwide is informed and believes, and thereon alleges that Defendant Melissa Harris is an individual residing in the State of Arkansas. PCI, William Harris and Melissa Harris shall be collectively referred to as "Defendants".

## JURISDICTION AND VENUE

5. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. §§1332(a), 1441, and 1446. Specifically, this Court has federal diversity jurisdiction pursuant to § 1332 because: ( 1) the amount in controversy exceeds $75,000.00 exclusive of interest and costs; and (2) there is complete diversity between Nationwide on the one hand, and Defendants on the other.

6. Venue is proper in this District under 28 U.S.C. §1391(a) because the contracts and projects at issue were in this District.

## UNDERLYING FACTS

7. On or about June 11, 2018, Nationwide and Defendants entered into a General Agreement of Indemnity, which provides in pertinent part as follows:

> **I. DEFINITIONS**
> D. The term "Loss" shall mean all demands, liabilities, losses, costs, unpaid premiums, damages and expenses of any kind or nature, including legal fees and expenses ... including but not limited to all loss and expense incurred by reason of: (i) Surety's [Nationwide] having executed any Bond or any other instrument or any Modification thereof. .. (iii) Surety's prosecuting or defending any action in connection with any bond ...
>
> **IV. INDEMNIFICATION AND HOLD HARMLESS**
> The Indemnitors [Defendants] hereby jointly and severally covenant, promise and agree to exonerate, indemnify and save harmless Surety from and against any all Loss,



90629997.1

2
COMPLAINT



irrespective of whether Surety has made any payment under any of its Bonds. Surety shall be entitled to immediate reimbursement for any and all Loss incurred by it in good faith and under the belief that it was liable for the sums and amounts so disbursed, or that it was expedient to make such payments. Indemnitors shall be obligated to indemnify and reimburse Surety for all Loss, irrespective of the fact that Indemnitors may have assumed, or offered to assume, the defense of Surety upon any claim. An itemized, sworn statement of Loss by an employee of Surety, or other evidence of payment, shall be *prima facie* evidence of the propriety, amount and existence of Indemnitors' liability. Indemnitors shall pay to Surety interest on all disbursements made by Surety at the maximum rate permitted by law, calculated from the date of each such disbursement.

**VII. DEFAULT**

Indemnitors shall be in Default with respect to a Contract and/or this Agreement if any of the following occur, or upon Surety's reasonable anticipation that any one or more of the following may occur ...

A. A declaration of Contract default and/ or termination by any Obligee.
B. Any demand by an Obligee, other beneficiary and/or payment bond claimant against a Bond;
C. Any abandonment, forfeiture or breach of or refusal or inability to perform any Contract, or any breach of the Bonds;
D. Any failure to perform or comply with of any provision of this Agreement;
E. Any failure, delay, refusal or inability to make payment of a properly due and owing bill or debt in connection with any Contract and/or this Agreement;
F. Any failure, delay, refusal or inability to pay for any labor or materials or other indebtedness when such payment is due;
G. Any failure, delay, refusal or inability to deposit collateral security as required by this Agreement or otherwise;
H. Surety's establishment of a Loss reserve;

I. A dissipation or diversion of assets or Property by an Indemnitor which in the Surety's judgment, in any way impairs the performance of any term or condition of this Agreement or any Contract;

J. Any proceeding which deprives an Indemnitor of the use or interferes with an Indemnitor's use of any supplies, tools, plant, machinery, equipment or materials required for the performance of any Contract;

K. Any Indemnitor's becoming the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, or creditor assignment, or actually becoming insolvent;

L. Any Indemnitor's dying, becoming legally incompetent, being imprisoned, being convicted of a felony, or disappearing and being unable to be located;

M. Any representation furnished to Surety by or on behalf of any Indemnitor that is materially false or misleading when made, including, without limitation, the financial information provided under paragraph XV. of this Agreement;

N. The transfer or transfers by an Indemnitor of more than ten percent (10%) of Indemnitor's assets to another or others without fair consideration based on the fair market value of the assets transferred; and/or

O. Any change in control or existence of any Indemnitor. Change in control means the addition or departure of any person or entity having a ten percent (10%) or greater ownership interest in any Indemnitor.

## VIII. REMEDIES UPON DEFAULT

In the event of a Default (as defined in paragraph VII. of this Agreement), Surety shall have the right, in its sole discretion, and without limitation, to take any or all of the following actions:

A. Take possession of the work under any Contract and, at Indemnitors expense, to complete said Contract, or cause, or consent to, the completion thereof;

B. Immediately take possession of Indemnitors' Property and utilize the Property for the completion of the work under any Contract without liability for any payment or losses arising from such use ...

90629997.1

4
COMPLAINT



  G. File suit to enforce any or all of the provisions of this Agreement; and/or

  H. Immediately exercise the assignments granted herein.

**XVIII. REQUIRED NOTICE TO SURETY**

The indemnitors shall immediately notify Surety, via written notification sent to Home Office, of any:

  A. Facts which might give rise to any claim, demand, suit, action or proceeding against Surety upon any Bond;

  B. Claim, demand, suit action or proceeding growing out of or relating to any Bond or other instrument executed by Surety on behalf of the Indemnitors or any one of them;

  C. Notice or knowledge Indemnitors receive that the liability insurance of an Indemnitor named as a principal in a Bond has been or will be canceled, terminated or non-renewed for any reason or that such coverage will be reduced;

  D. Any material change in the financial condition of any Indemnitor;

  E. Filing by an Indemnitor of an assignment of most or all of the Indemnitor's property and/or assets which the Surety has a security interest in hereunder or by operation of law for the benefit of any creditors…

A true and correct copy of the General Agreement of Indemnity is attached as Exhibit A and incorporated in full by this reference.

  8. On or about December 13, 2019, S.J. Amoroso Construction Co., LLC. entered into a written agreement ("Prime Contract") with Los Angeles Unified School District for the project identified as the Jefferson High School Utility Make Ready and Interim Housing, Contract No. 1910102, in Los Angeles, California ("Project").

  9. On or about December 19, 2019, S.J. Amoroso Construction Co., LLC entered into a written Subcontract Agreement with PCI whereby PCI agreed to provide various plumbing services for the Project. A true and correct copy of the Subcontract is attached as Exhibit B.

  10. Nationwide, on behalf of PCI, issued Performance Bond, Bond No. SNN4014275, in the penal amount of $2,237,000.00, and a Payment Bond, Bond No. SNN4014275, in the penal amount of $2,237,000.00 (hereinafter "Performance

Bond" and "Payment Bond", respectively, or collectively, "Bonds") in favor of S.J. Amoroso Construction Co., LLC, in connection with the Subcontract. True and correct copies of the Bonds are attached hereto as Exhibit C.

11. On June 2, 2021, Los Angeles Unified School District issued an Initial Notice of Delay, noting that PCI was to start the gas line on June 2, 2021, but was not at the site. A true and correct copy of the June 2, 2021 Initial Notice is attached as Exhibit D.

12. On June 16, 2021, Los Angeles Unified School District issued another Initial Notice of Delay, noting that PCI had stopped working on the gas line and has not been observed to have performed any physical work on the gas line installation on June 11, 2021, June 14, 2021, June 15, 2021, and June 16, 2021. A true and correct copy of the June 16, 2021 Initial Notice is attached as Exhibit E.

13. On June 16, 2021, S. J. Amoroso Construction Co., LLC sent a 48-Hour termination notice to Defendants regarding the fact that PCI had officially abandoned the Project as of June 6, 2021, at approximately 9:00 a.m., by removing all labor forces from the Project and having never returned. S.J. Amoroso Construction Co., LLC, stating that the Prime Contract and change order work had fallen behind schedule as PCI failed to sufficiently provide manpower to complete the remaining contractual obligations. S.J. Amoroso Construction Co., LLC notified PCI that they would provide labor and material on behalf of PCI to prevent further delays to the Project schedule. A true and correct copy of the June 16, 2021 48-Hour Notice is attached as Exhibit F.

14. On or about June 22, 2021, S.J. Amoroso Construction Co., LLC provided Nationwide with a copy of the 48-Hour Notice and correspondence that was issued to PCI and notified Nationwide that it was electing to move forward with an alternate subcontractor, Suttles Plumbing, in order to prevent any further delays to the Project. S.J. Amoroso Construction Co., LLC chose to complete the work

/ / /

90629997.1

6
COMPLAINT

pursuant to its contractual rights. A true and correct copy of S.J. Amoroso Construction Co., LLC's e-mail to Nationwide to proceed is attached as Exhibit G.

15. On November 17, 2021, Nationwide made written demand upon Defendants to indemnify and to save Nationwide harmless from liability from S.J. Amoroso Construction Co., LLC under the Subcontract and to post collateral with Nationwide in the amount of $500,000. To date, Defendants have not responded to Nationwide's demand. A true and correct copy of the November 17, 2021 letter is attached as Exhibit H.

16. On or about June 2, 2022, S.J. Amoroso Construction Co., LLC made a claim on the Nationwide Performance Bond. A true and correct copy of SJ Amoroso Construction Co., LLC's demand is attached as Exhibit I.

17. On or about December 9, 2022, Nationwide entered into a Settlement Agreement with SJ Amoroso Construction Co., LLC whereby Nationwide agreed to pay SJ Amoroso Construction Co., LLC $1,200,000. A true and correct copy of this Settlement Agreement is attached hereto as Exhibit J.

18. Nationwide has incurred losses including Settlement of the Amoroso Claim on the Performance Bond in the amount of $1,200,000 and Attorney's Fees and Costs in the Amount of $2,400 for a total of $1,326,049.66, in addition to prejudgment interest at the rate of 10% from the date of payment of the settlement of $17,333.29. Thus, to date, Nationwide has incurred loss in the amount of $1,343,382.95.

### FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)
### (As Against All Defendants)

19. Nationwide refers to and incorporates herein by reference as though fully set forth below, its allegations contained in Paragraphs 1 through 18 herein.

20. Defendants, and each of them, have breached the General Agreement of Indemnity by refusing to perform as demanded.

21. Nationwide has performed all the conditions and obligations to be performed on its part under the General Agreement of Indemnity.

22. When S.J. Amoroso Construction Co., LLC issued the 48 Hour Notice regarding PCI's abandonment of the Project, Defendants became liable to Nationwide pursuant to the General Agreement of Indemnity.

23. Furthermore, Defendants, and each of them, have breached the General Agreement of Indemnity by transferring Property owned by them, which is a material change in the financial conditions of the Defendants, without giving notice to Nationwide as required under the terms of the General Agreement of Indemnity.

24. Nationwide is entitled to judgment against Defendants, and each of them, for all losses Nationwide has incurred, continues to incur, including legal costs, pursuant to the General Agreement of Indemnity and the Bonds.

## SECOND CAUSE OF ACTION
### (EQUITABLE INDEMNITY)
### (As Against All Defendants)

25. Nationwide refers to and incorporates herein by reference as though fully set forth below, its allegations contained in Paragraphs 1 through 18 herein.

26. Defendants requested Nationwide, as surety, to issue the Bonds.

27. Nationwide, as surety, issued the Bonds on behalf of PCI, as principal.

28. As part of this request, and in consideration of the issuance of the Bonds, Defendants agreed to fully indemnify and hold harmless Nationwide against any and all liability, loss, costs, damages, claims, suits, attorneys' fees and expenses of whatever kind or nature which Nationwide may sustain or incur as the result of or in connection with the Bonds.

29. If the Court does not find such Subcontract enforceable, then Nationwide asserts its right to equitable indemnification. Nationwide is entitled to recover against Defendants, all monies paid, costs incurred, and attorneys' fees expended as a result of the issuance of the Bonds.

30. By reason of the foregoing, because Nationwide has incurred a loss on its bond, Nationwide is entitled to be indemnified by Defendants, and each of them, in full, to the full extent of its loss, including costs and attorneys' fees.

31. It has been necessary for Nationwide to obtain the services of an attorney to prosecute its claim herein and it is entitled to recover the attorneys' fees and costs, including those necessary to enforce the terms of the General Agreement of Indemnity.

## THIRD CAUSE OF ACTION

### (STATUTORY INDEMNITY)

### (As Against All Defendants)

32. Nationwide refers to and incorporates herein by reference as tough fully set forth below, its allegations contained in Paragraphs 1 through 18 herein.

33. By reason of the foregoing, because Nationwide has incurred a loss on its bond, Nationwide is entitled to be indemnified by Defendants, and each of them, in full, to the full extent of its loss, including costs and attorneys' fees.

34. California Civil Code §2847 provides:

> If a surety satisfies the principal obligation, or any part thereof, whether with or without legal proceedings, the principal is bound to reimburse what he has disbursed, including necessary costs and expenses . . . .

35. By reason of the foregoing, Defendants, and each of them, are obligated to reimburse Nationwide in full, for any and all claims payments and all expenses, including attorneys' fees incurred in connection with any and all claims made on the Bonds, plus interest and costs on said damages. Nationwide is further entitled to recover any additional attorneys' fees and expenses incurred in connection with the claim, in an amount according to proof at the time of trial.

/ / /

/ / /

# FOURTH CAUSE OF ACTION

## (SPECIFIC PERFORMANCE)

### (As Against All Defendants)

36. Nationwide refers to and incorporates herein by reference as tough fully set forth below, its allegations contained in Paragraphs 1 through 18 herein.

37. Defendants, and each of them, have refused, and continue to refuse, to post the demanded collateral.

38. Nationwide requests the Court require Defendants, and each of them, post collateral with Nationwide in the sum of $1,343,382.95 to cover losses incurred by Nationwide in connection with the Subcontract, PCI's Abandonment, the General Agreement of Indemnity, and Bonds.

WHEREFORE, Nationwide prays for judgment against Defendants, and each of them, as follows:

**ON THE FIRST, SECOND AND THIRD CAUSES OF ACTION:**

For any sums paid under the Bonds that Nationwide is compelled to pay as the result of PCI's abandonment, any settlement, damages, judgment, or other awards recovered by S.J. Amoroso Construction Co., LLC, plus additional expense, fees and cost amounts to be proven at the trial of this matter, plus interest at the legal rate from date of judgment until paid, plus reasonable attorney's fees.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**ON THE FOURTH CAUSE OF ACTION:**

For a judgment of this Court of specific performance, ordering Defendants, and each of them, to indemnify Nationwide in the amount of $1,343,382.95.

DATED: April 24, 2023

MARK A. OERTEL
ANGELA A. ZANIN
GINA G. GOLDBERG
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ Angela A. Zanin_____
ANGELA A. ZANIN
Attorneys for Plaintiff NATIONWIDE MUTUAL INSURANCE COMPANY